RICHARDSON and Others *v.* GILCHRIST and Others.

APPEAL from the *Orange* Circuit Court.

ELLIOTT, J.—This was a suit by the appellants against the appellees to recover damages, and praying an injunction against the appellees to restrain them from inclosing or otherwise obstructing "Congress Square," in the town of *Orleans*, in *Orange* county. The plaintiffs claimed the right, by prescription, to pass and repass upon and over the same, with their horses, cattle, wagons, &c., as an open public common.

The only question raised in the case, arises upon the action of the court on the trial, in refusing to permit the plaintiffs to prove that the defendants had inclosed "Congress Square" by a fence.

The plaintiffs first gave in evidence the recorded plat of the town of *Orleans*, which was laid off, platted and the plat recorded in 1815. From the plat we extract the following: "Congress Square is composed of in-lots Nos. 167, 168, 169, 170, 195, 196, 197, 198; to remain for the purpose of erecting any building for county, territory or state purposes, or deemed necessary by the citizens of the town; the streets and alleys to remain highways forever, excepting where they pass within the limits of Congress Square, where they become a part. No part of Congress Square ever to be appropriated as a burying ground." If the statute of limitations does not run against the public, so as to authorize a right by prescription, or use, then, under the dedication of "Congress Square," the evidence was properly rejected. But we cannot decide the question upon the record before us. The original record filed in this court has disappeared from the files and cannot be found. The appellants have attempted to procure and file a substituted record, which is the one now before us. It shows that the defendants filed an answer of four paragraphs, to the second and third of

which demurrers were sustained, and issues joined on the first and fourth, but they are not in the record, and the clerk of the court below certifies that they are lost and cannot be found.

The record before us does not disclose the issues under which the evidence rejected by the court was offered, and without the proper evidence of the issues we cannot say that the court erred in rejecting the evidence.

The judgment is affirmed, with costs.

*J. & A. B. Collins,* for appellants.